### WALSH *v.* BROWN.

(*Supreme Court, General Term, Second Department.* February 11, 1889.)

1. SALE—WHEN TITLE PASSES—BILL OF SALE—DELIVERY.
    Where an accommodation indorser, on maturity of the notes, takes a bill of sale of certain property of the maker as indemnity, but the maker makes an assignment for benefit of creditors before the bill of sale is delivered, no title passes to the indorser.
2. EVIDENCE—PAROL TO VARY WRITING.
    A written contract, absolute in its terms, executed to carry out an agreement for dissolution of partnership, must be taken as the final conclusion of all preliminary or previous arrangements.

Appeal from circuit court, Orange county.

Action by John D. Walsh against William C. Brown, as assignee of Henry K. and William M. Thompson, to recover the proceeds of a quantity of tissue paper, which both parties claim to have owned. Trial to the court, and judgment for defendant. Plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*E. A. Brewster*, for appellant. *Travis & Smith*, for respondent.

DYKMAN, J. This is an action for the recovery of the proceeds of the sale of a quantity of tissue paper. Henry K. Thompson and William M. Thompson were copartners in the business of paper manufacturing, under the firm name of Thompson Bros., and in October, 1887, Joseph T. Edwards became a member of the firm, and the partnership title was changed to Thompson Bros. & Co. Previous to June 14, 1888, a judgment had been obtained against Edwards, and a receiver had been appointed in that action. In June, 1888, Edwards commenced an action against his copartners for a dissolution of the partnership and an accounting in the usual form, and that suit was settled July 7, 1888, as follows: Edwards sold and assigned his interest in the property and credits of the firm to the two Thompsons, who assumed all the outstanding liabilities of the firm, and agreed to save Edwards harmless from all liability which might attach to him by reason of his membership in the copartnership firm. There was also a written stipulation, signed at the same

time, by the attorneys for the respective parties to that action, which provided for the discontinuance of the action upon the payment of four promissory notes given by the Thompsons to Edwards upon the settlement of the action. On the 13th day of July, 1888, two promissory notes, for $750 each, made by the Thompsons after their dissolution with Edwards, which had been indorsed by the plaintiff for their accommodation, matured at the bank where they had been discounted. About the time of the maturity of those notes the agent of the Thompsons proposed to sell to the plaintiff a quantity of tissue paper, equal in value to the amount of those two notes, and, upon the understanding that he would receive the paper, the plaintiff paid the notes. The proposed sale was not consummated, however, until the 18th day of July, 1888, when the Thompsons gave the plaintiff a bill of the tissue paper, dated the 17th day of July, 1888, with their receipt thereon signed by them. On the 17th day of July, 1888, the Thompsons executed to the defendant, William C. Brown, a general assignment of all their property, in trust for the benefit of their creditors, and, when the plaintiff was about to take possession of the tissue paper so sold to him by the Thompsons, the delivery was arrested by the assignee; and thereupon a stipulation was entered into by which the assignee was to sell the paper and deposit the proceeds in a bank, to await the result of this action, which was to be brought to determine the ownership of the paper.

With the foregoing facts before us, it is not difficult to give them their legal signification and application. If the assignment of the Thompsons was valid and effectual to pass the title to the paper to their assignee, then the plaintiff cannot recover in this action, because the assignment was prior in point of time to the bill of sale made to the plaintiff, and he is not a purchaser for value.

It is the insistance of the plaintiff, however, that the assignment to the defendant never attained validity, because Edwards retained an interest in the partnership property, and therefore the Thompsons could make no general assignment for the benefit of creditors without his assent. Without a decision of the legal proposition involved in this contention of the plaintiff, we deem it sufficient to say that we find the evidence insufficient to establish the fact which underlies the argument. The trial judge refused to find it, and it rests alone upon the testimony of the receiver, which is contrary to the written bill of sale or contract executed by the parties to carry out the agreement for the dissolution of the copartnership. That instrument is absolute in its terms, and must be taken as the final conclusion and inclusion of all preliminary or previous arrangements. That view disposes of the case adversely to the plaintiff, and the judgment should be affirmed, with costs. All concur.